1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    Kye James Harding,                    No. CV-15-00994-PHX-SPL (BSB)
10                   Petitioner,            **ORDER AND REPORT AND**
                                            **RECOMMENDATION**
11   v.
12   Charles L. Ryan, et al.,
13                   Respondents.
14   _____

15          Petitioner Kye James Harding has filed a Petition for Writ of Habeas Corpus
16   pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents assert that the Petition should be
17   dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act
18   (AEDPA), which provides the statute of limitations applicable to state prisoners seeking
19   federal habeas corpus relief.  (Doc. 21 at 2.)  Alternatively, Respondents argue that
20   Petitioner waived review of Grounds One through Three, and that federal habeas corpus
21   review of Petitioner's claims is procedurally barred.  (*Id.*)  Petitioner has filed a reply in
22   support of his Petition.  (Doc. 24.)  For the reasons below, the Court finds the Petition
23   untimely, recommends that it be dismissed, and does not consider Respondents'
24   alternative arguments.

25          Petitioner has also filed motions for relief from judgment and to unseal records
26   under "Rule 11."  (Docs. 17, 18, 26.)  The Court also recommends that these motions be
27   denied.   Petitioner also requests that the Court reconsider its order denying the
28   appointment of counsel.  (Doc. 26.)  The Court denies this motion.

## I.     Factual and Procedural Background

### A.     Charges, Plea, and Sentencing

On December 14, 2009, Petitioner, along with a co-defendant, was indicted in the Maricopa County Superior Court on fourteen counts of armed robbery, class two dangerous felonies (Counts 1, 4, 9, 13, 15, 16, 18, 21, 23, 26, 29, 32, 34, & 35), fifteen counts of kidnapping, class two dangerous felonies (Counts 5–8, 10–12, 19, 24, 25, 27, 28, 30, 33, 36), one count of attempted armed robbery, a class three dangerous felony (Count 14), one count of conspiracy to commit armed robbery, a class three dangerous felony (Count 20), and two counts of aggravated assault, class three dangerous felonies (Counts 37 & 38).[1]  (Doc. 21, Ex. A.)

On November 18, 2010, Petitioner entered a stipulated plea agreement and Petitioner pleaded guilty to two counts of armed robbery; the State dismissed the remaining counts.  (Doc. 21, Ex. D.)  During the change of plea hearing, Petitioner confirmed that he understood that he could be sentenced to sixteen to twenty-seven years' imprisonment.  (Doc. 21, Ex. D at 1; Ex. F at 5-7.)  The trial court accepted Petitioner's guilty plea after finding a factual basis for the plea, and that it was knowingly, intelligently, and voluntarily made.  (Doc. 21, Ex. E at 2; Ex. F at 12.)  On February 4, 2011, the trial court sentenced Petitioner to presumptive terms of ten-and-one-half years' imprisonment for each count.  (Doc. 21, Ex. H at 2; Ex. I at 22.)  In accordance with the plea agreement, the court ordered the prison terms to run consecutively.  (*Id.*)

### B.     Post-Conviction Review

#### 1.     First Post-Conviction Proceeding (of-right proceeding)

On February 9, 2011,[2] Petitioner filed a notice of post-conviction relief in the trial court to commence an "of-right" post-conviction proceeding under Rule 32 of the

---

[1]  The presentence report describes the events giving rise to these charges.  The Court does not reiterate that factual background.  (Doc. 21, Ex. G at 1-3.)

[2]  In their Answer, Respondents consider Petitioner's pro se filings to be filed on the date on which Petitioner delivered them to prison officials for mailing, as indicated by the dates on which he signed those filings.  (Doc. 21 at 6 n. 4)  The timeliness of Petitioner's filings in the state courts is a matter of state law.  *See Pace v. DiGuglielmo,*

Arizona Rules of Criminal Procedure.[3]  (Doc. 21, Ex. J.)  The court appointed post-conviction counsel, who later filed a notice stating that she had reviewed the record and was "unable to find any claims for relief to be raised in post-conviction relief proceedings."  (Doc. 21, Ex. K, L.)  Counsel requested an extension of time for Petitioner to file a pro se petition.  (Doc. 21, Ex. L.)  The court granted the extension and ordered that post-conviction counsel serve as advisory counsel.  (Doc. 21, Ex. M.)

Petitioner filed a letter in which he requested the appointment of substitute counsel, an investigator, and a paralegal to investigate his claims.  (Doc. 21, Ex. N.)  The court denied the motion.  (Doc. 21, Ex. O.)  Petitioner also requested that post-conviction counsel be removed as advisory counsel because she had hindered the Rule 32 proceeding.  (Doc. 21, Ex. P.)  The court found no support for Petitioner's allegations and denied the motion.  (*Id.*)  Petitioner filed a motion for discovery which the court denied.  (Doc. 21, Ex. Q.)  However, the court extended the deadline for Petitioner to file a pro se petition to December 9, 2011.  (*Id.*)

Petitioner continued to file letters with the court, but did not file a petition for post-conviction relief.  (Doc. 21, Ex. R.)  The court ordered Petitioner to file a petition by January 27, 2012 and warned that if he failed to do so the court would dismiss the post-conviction proceeding.  (*Id.*)  On January 9, 2012, Petitioner filed a "Declaration in the Nature of an Affidavit" (the Declaration).  (Doc. 21, Ex. S.)  The court construed the

---

544 U.S. 408, 417 (2005).  Accordingly, the Court considers Petitioner's state court filings to be filed on the date determined by the state courts.  However, the Court considers the federal Petition filed on March 26, 2015, the date on which Petitioner certifies he placed the Petition in the prison mailing system.  (Doc. 1 at 11.)  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) stating a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying the mailbox rule to a federal habeas petition).

[3]  Because Petitioner pled guilty, his only avenue of direct review was a Rule 32 "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding").

Declaration as a petition for post-conviction relief and ordered the State to file a response. (Doc. 21, Ex. T.)

On the State's motion to dismiss, the court later determined that Petitioner's Declaration was not a proper Rule 32 petition because it did not contain the signed certification required by Rule 32.5. (Doc. 21, Exs. U, V.) On February 14, 2012, the court struck the Declaration and directed Petitioner to file a petition with a signed certification within forty-five days of the court's order. (Doc. 21, Ex.V.) Petitioner filed additional letters with the court, but did not file a petition with the required certification by the deadline. (Doc. 21, Ex. W.) On March 29, 2012, the court granted Petitioner "one last extension of time," until April 27, 2012, to file a proper petition. (*Id.* at 2.)

Petitioner then filed additional documents in the trial court including a motion to withdraw counsel, filed on April 13, 2012, a motion to reveal remedy, filed on April 17, 2012, an affidavit of indigence, filed on April 17, 2012, an notice of exception to court's rulings, filed on April 19, 2012, a motion to dismiss counsel, filed on April 19, 2012, a memorandum in support of motion to vacate, filed on May 3, 2012, and a motion for grand jury transcripts, filed on April 26, 2012. (Doc. 21, Ex. Z.) On April 9, 2012, Petitioner also filed a petition in which he argued that: (1) his confession and guilty plea were involuntary; (2) trial counsel was ineffective; and (3) the trial court lacked jurisdiction over him. (Doc. 21, Ex. X.)

On May 9, 2012, the trial court issued a minute entry noting Petitioner's numerous filings. (Doc. 21, Ex. Z.) The court treated Petitioner's motion to vacate judgment as a petition for post-conviction relief. (*Id.*) However, the court stated that the motion, construed as a petition, did not include the required Rule 32.5 certification, which the court had ordered Petitioner to file by April 27, 2012, with the warning that failure to do so would result in dismissal of the Rule 32 proceeding. (*Id.*) The court explained that it was dismissing the Rule 32 proceeding because Petitioner had not "compl[ied] with the law or with the [c]ourt's directives." (*Id.* at 2.) The May 9, 2012 minute entry did not specifically refer to Petitioner's April 9, 2012 filing or indicate whether that filing

complied with Rule 32.5. (*Id.*)  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 21, Ex. AA at 1; Ex. EEE at 5.)

### 2.     Second Post-Conviction Proceeding

On July 2, 2012, Petitioner filed a "Motion for Automatic Reversal" of his guilty plea, which the trial court construed a second petition for post-conviction relief. (Doc. 21, Exs. BB, DD.)  In that petition, Petitioner asserted that the trial court denied his Sixth Amendment right to self-representation during his criminal trial.   (Doc. 21, Ex. BB.)  On August 23, 2012, the court dismissed the petition because it was untimely under Rule 32.4 and did not raise any claims that could be raised in an untimely or successive Rule 32 proceeding.  (Doc. 21, Ex. DD.)  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 21, Ex. FF at 1; Ex. EEE at 4.)

### 3.     Third Post-Conviction Proceeding

On September 12, 2013, Petitioner filed an "Amended Petition for Reversal and New Trial."  (Doc. 21, Ex. EE.)[4]  The court construed that filing as a third petition for post-conviction relief.   (Doc. 21, Ex. FF).  In that petition, Petitioner alleged that his guilty plea was involuntary, he was denied counsel, and an irreconcilable conflict with counsel violated his constitutional rights.  (Doc. 21, Ex. EE.)  Petitioner also asserted that the trial court had overlooked a Rule 32 petition that it had received by certified mail on April 5, 2012.   (Doc. 21-2 at 22, 45.)   He stated that that petition was timely and complied with Rule 32's certification requirement.  (Doc. 21-2 at 22-23.)

On October 24, 2012, the court dismissed the petition because it was untimely under Rule 32.4(a) and did not state a claim for relief that could be asserted in an untimely Rule 32 proceeding.  (Doc. 21, Ex. FF.)  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 21, Ex. EEE at 4.)

/ / /

---

[4]  Exhibit EE appears on the Court's docket as Doc. 21-2.  The Court uses the CM/ECF docket and page numbers when necessary to cite to a specific page within Exhibit EE.

### 4.      Fourth Post-Conviction Proceeding

On December 14, 2012, Petitioner filed a notice of post-conviction relief and commenced a fourth post-conviction proceeding.  (Doc. 21, Ex. GG.)  Petitioner alleged that he was denied legal representation in his prior post-conviction proceedings.  (*Id.* at 3.)  On January 8, 2013, the trial court dismissed the notice because it was untimely under Rule 32.4, and did not state a claim that could be raised in an untimely Rule 32 proceeding.  (Doc. 21, Ex. HH.)  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 21, Ex. JJ at 1; Ex. EEE at 4.)

### 5.      Fifth Post-Conviction Proceeding

On March 18, 2013, Petitioner filed another notice of post-conviction relief, commencing his fifth post-conviction proceeding.  (Doc. 21, Ex. II.)  In the notice, he asserted that his untimely filing should be excused because "[t]here had been a significant change in the law that would probably overturn the conviction or sentence."  (*Id.* at 2-3.)  Petitioner, however, did not describe the change in the law or cite any case law.  (*Id.*)  On April 2, 2013, the court dismissed the notice as untimely under Rule 32.4(a).  (Doc. 21, Ex. JJ.)  Petitioner did not seek review in the appellate court.  (Doc. 21, Ex. EEE at 3.)

### 6.      Sixth Post-Conviction Proceeding

On April 11, 2013, Petitioner initiated a sixth post-conviction proceeding by filing another notice of post-conviction relief.  (Doc. 21, Ex. KK.)  In that notice, Petitioner again stated that there was a significant change in the law that would probably affect the outcome of his case.  (*Id.* at 2-3)  He cited several cases.  (*Id.*)  The court found that the case law Petitioner cited did not apply to his case.  (Doc. 21, Ex. LL.)  On May 30, 2013, the court dismissed the notice of post-conviction relief because it was untimely under Rule 32.4(a), and failed to state a claim that could be granted in an untimely Rule 32 proceeding.  (*Id.*)  The court extended the deadline for Petitioner to file a notice of appeal to June 24, 2013.  (Doc. 21, Ex. MM.)  Petitioner, however, did not file an appeal. (Doc. 21, Ex. EEE at 3.)

### 7.      Seventh Post-Conviction Proceeding

On June 12, 2013, Petitioner filed a "Notice of Writ of Error by Pro Se Litigant" in the trial court, which the court construed as a notice of post-conviction relief.  (Doc. 21, Exs. NN, OO.)  In that filing, Petitioner claimed the trial court deprived him of his choice of counsel, and argued his guilty plea was involuntary.  (Doc. 21, Ex. NN.)  On July 19, 2013, the trial court dismissed the notice because it was untimely under Rule 32.4(a), and did not state a claim that could be presented in an untimely Rule 32 proceeding. (Doc. 21, Ex. OO.)  Petitioner did not appeal.  (Doc. 21, Ex. EEE.)

### 8.      Eighth Post-Conviction Proceeding

On August 5, 2013, Petitioner filed a notice of post-conviction relief, commencing an eighth post-conviction proceeding.  (Doc. 21, Ex. PP.)  Petitioner argued that he should be excused from Rule 32's timeliness requirements because counsel in his Rule 32 of-right proceeding was ineffective, and he was denied access to the law library during that proceeding.  (*Id.*)  On August 19, 2013, the trial court dismissed the Rule 32 proceeding as untimely.  (Doc. 21, Ex. QQ.)

On September 4, 2013, Petitioner filed a "motion for rehearing" in the trial court. (Doc. 21, Ex. RR.)   On October 25, 2013, the court denied the motion.   (Doc. 21, Ex. TT.)  While the motion for rehearing was pending, on September 30, 2013, Petitioner filed a petition for review with the Arizona Court of Appeals, which was summarily dismissed as untimely.  (Doc. 21, Exs. SS.)

On October 31, 2013, Petitioner filed a motion in the trial court seeking an extension of the deadline to file a petition for review.  (Doc. 21, Ex. UU.)  On January 21, 2014, the trial court denied Petitioner's motion.  (Doc. 21, Ex. VV.)  The court stated that Petitioner had "demonstrated [] knowledge of the legal rules" over the previous three years, while filing "no less than eight petitions for post-conviction relief."   (*Id.*) Petitioner then filed a motion in the Arizona Court of Appeals asking for reinstatement of his petition for review.  (Doc. 21, Ex. WW.)  On April 16, 2014, the appellate court denied the motion.  (*Id.*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 9.      Ninth Post-Conviction Proceeding

On April 29, 2014, Petitioner filed a ninth notice of post-conviction relief in the trial court.  (Doc. 21, Ex. XX.)   On May 7, 2014, the court dismissed the notice as untimely under Rule 32.4(a) and noted that the notice did not include any claims for relief.  (Doc. 21, Exs. YY, ZZ.)  Petitioner filed a motion for reconsideration in the trial court.  (Doc. 21, Ex. ZZ.)  The court denied the motion on October 17, 2014.  (Doc. 21, Ex. AAA.)  On October 27, 2014, Petitioner filed an appeal with the Arizona Court of Appeals.  (Doc. 21, Ex. GGG.)  He later filed a motion to dismiss the appeal, which the court granted.  (*Id.*)

### 10.      Tenth Post-Conviction Proceeding

On December 8, 2014, Petitioner filed a tenth notice of post-conviction relief and a petition for post-conviction relief.  (Doc. 21, Exs. BBB, CCC.)  Petitioner asserted that post-conviction counsel was ineffective and, citing *Martinez v. Ryan*, ___ U.S.___, 132 S. Ct. 1309 (2012), argued that there had been significant change in the law would probably affect the outcome of his convictions and sentences.  (Doc. 21, Ex. BBB.)  He also argued that the trial court had erroneously dismissed his Rule 32 of-right proceeding without considering the petition that he filed on April 5, 2012, which included a certification in compliance with Rule 32.5.  (Doc. 21, Ex. CCC at 9.)  On February 12, 2015, the trial court dismissed the notice as untimely under Rule 32.4(a).  (Doc. 21, Ex. DDD.)   The court also stated that *Martinez* did not apply to state post-conviction proceedings, but "may permit [Petitioner] to seek relief in federal court."  (*Id.* at 2.)

### C.      Federal Petition for Writ of Habeas Corpus

On May 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1.)  Petitioner asserts that: (1) trial counsel was ineffective for advising him to "abandon a meritorious motion to suppress" and to plead guilty, and Rule 32 of-right counsel was ineffective for failing to raise this issue (Ground One); (2) trial counsel was ineffective for failing to file a motion to suppress evidence (Ground Two); (3) the trial court violated Petitioner's Sixth Amendment right to self-representation, and Rule 32 of-

right counsel was ineffective for failing to raise this issue (Ground Three); and (4) Petitioner's due process rights were violated when the trial court appointed incompetent trial and Rule 32 of-right counsel, and when the trial court denied Petitioner's request for the appointment of counsel during his second post-conviction proceeding (Ground Four). (Doc. 1 at 6-9.) Respondents assert that the Petition should be dismissed as untimely. (Doc. 21 at 2.) Alternatively, Respondents argue that Petitioner waived review of Grounds One, Two, and Three, and that federal habeas corpus review of Petitioner's claims is procedurally barred. (*Id.*) Petitioner has filed a reply in support of his Petition. (Doc. 24.) For the reasons below, the Court finds the Petition untimely, recommends that it be dismissed, and does not consider Respondents' alternative arguments.

## II.    Statute of Limitations

### A.    Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5] Therefore, to assess the timeliness of the Petition, the Court

---

[5]  The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D). *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Petitioner does not make any allegations indicating that subsections (B) or (C) should apply, or that application of these subsections would result in a starting date for the statute of limitations that is later than the date determined under § 2244(d)(1)(A).

However, Petitioner states that on December 8, 2014, he "found" the following claims: "erroneous advice to plead, IAC for not finding claim in First PCR, IAC trial for not challenging seizure illegal or warrantless GPS, illegal confession, and denial of self-representation." (Doc. 1 at 5.) Thus, he might argue that § 2244(d)(1)(D) applies and that the limitations period did not commence until December 8, 2014. Under § 2244(d)(1)(D), the AEDPA statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record reflects Petitioner knew the factual predicate of his ineffective assistance of counsel claims and his claim that he was denied his right to self-representation before December 8, 2014, because he presented these claims to the state courts in 2012. (Doc. 21, Exs. Z, EE.) Additionally, these claims relate to events that occurred before Petitioner entered his guilty plea, thus,

determines the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals. *See Ariz. Rev. Stat.* §13-4033(B). Rather, Petitioner could seek review in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

On February 9, 2011, Petitioner filed a timely notice of post-conviction relief to commence a Rule 32 of-right proceeding. (Doc. 21, Ex. J); *see* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). The trial court denied relief on May 9, 2012. (Doc. 21, Ex. Z.) Petitioner had thirty-five days, until June 13, 2012, in which to seek review in the Arizona Court of Appeals.[6] *See* Ariz. R. Crim. P. 32.9(c) (providing that a petition for review must be filed within thirty days form the final decision in a post-conviction proceeding); Ariz. R. Crim. P. 1.3 (adding five days for mailing). Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 21, Exs. AA at 2; EEE at 5.)

Because Petitioner's Rule 32 of-right proceeding is considered a form of direct review, his conviction become final for purposes of § 2244(d)(1)(A) upon the expiration

---

Petitioner knew the factual predicate of these claims at the time of his guilty plea. Accordingly, § 2244(d)(1)(D) does not supply the starting date for the limitations period.

[6] Petitioner also had fifteen days to file a motion for rehearing in the trial court. *See* Ariz. R. Crim. P. 32.9(a) (stating that a party may challenge the final decision in a post-conviction proceeding by filing a motion for rehearing within fifteen days). On May 16, 2012, Petitioner filed a "notice of exception" in the trial court. On July 23, 2012, the trial court ruled that it would not take any action related to the "notice of exception." (Doc. 21, Ex, AA) Thus, the state court did not consider the "notice of exception" to be a motion for rehearing. However, even if the "notice of exception" were considered a motion for rehearing, Petitioner's conviction would have become final on August 27, 2012. *See* Ariz. R. Crim. P. 32.9(c) (stating that a petition for review that challenges a ruling on a motion for rehearing must be filed within thirty days); Ariz. R. Crim. P. 1.3 (adding five days). Under those circumstances, the Petition would still be untimely.

1    the time for seeking further review, June 13, 2012.  *See Summers*, 481 F.3d at 711;

2    *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of

3    § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to

4    seek such review).  Therefore, the one-year limitations period commenced the next day,

5    June 14, 2012, and expired one year later, on June 13, 2013.  *See Patterson v. Stewart*,

6    251 F.3d 1243, 1245-47 (9th Cir.2001) (the AEDPA limitations period begins to run on

7    the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Because Petitioner did

8    not file his Petition until March 26, 2015, it is untimely unless statutory tolling, equitable

9    tolling, or an exception to the statute of limitations applies.

10          **B.    Statutory Tolling**

11          Pursuant to the AEDPA, the one-year limitations period is tolled during the time

12   that a "properly filed application for State post-conviction or other collateral review with

13   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino*

14   *v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral

15   review is pending in State court for "all the time during which a state prisoner is

16   attempting, through proper use of state court procedures, to exhaust state remedies with

17   regard to particular post-conviction proceedings.").  After his Rule 32 of-right proceeding

18   was dismissed, Petitioner commenced nine additional post-conviction proceedings.

19   (Doc. 21, Exs. BB & DD, EE & FF, GG, II, KK, NN & OO, PP, XX, BBB & CCC.)  As

20   discussed in Section I.B, the trial court dismissed all of those proceedings as untimely

21   under Rule 32.  (Doc. 21, Exs. DD, FF, HH, JJ, LL, OO, QQ, YY & ZZ, DDD.)  Because

22   the applications for post-conviction relief were untimely under Arizona law, they were

23   not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), and therefore, they did not

24   toll the limitations period.[7]  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding

25   _____

26          [7]    Several of the post-conviction actions were commenced after the AEDPA
     limitations period had expired on June 13, 2013.  (Doc. 21, Exs. PP, XX, BB &CCC.)
27   Even if those applications were properly filed, they could not toll the already expired
     limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
28   (holding that "section 2244(d) does not permit the re-initiation of the limitations period
     that has ended before the state petition was filed.").

that time limits are filing conditions and concluding that "[b]ecause the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he [was] not entitled to statutory tolling under § 2244(d)(2)").

Additionally, Petitioner is not entitled to tolling of any time between his post-conviction proceedings (gap or interval tolling).  Courts within the Ninth Circuit apply a two-part test to determine whether a petitioner is entitled to gap tolling for the period of time between the disposition of a first post-conviction petition in state court and the initiation of a second petition in the same court.  *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *overruled on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006).  First, the court considers whether "the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition."  *King*, 340 F.3d at 823. If not, the subsequent "petitions constitute a 'new round' and the gap between the rounds is not tolled."  *Id.* (citing *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003)).  However, if the subsequent petition "simply attempted to correct the deficiencies" in the prior petition, the court construes the new petitions as part of the first "full round" of collateral review.  *King*, 340 F.3d at 823 (citing *Carey v. Saffold*, 536 U.S. 214, 222, 122 (2002)).

Second, the court determines whether the petitions were denied on the merits or deemed untimely.  *King*, 340 F.3d at 823.  If the petitions were denied on the merits, the time period between the two properly-filed petitions is tolled.  If the petitions were deemed untimely, the gap is not tolled.  *Id*.  In this case, even if the post-conviction proceedings related to each other, because they were dismissed as untimely, gap tolling does not apply.  *See Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007) (when a subsequent post-conviction petition relates back to the prior petition, the time between the two petitions is not tolled if the prior petition was deemed untimely).

## C.   Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).  Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).  "When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for 'flexibility' and for 'avoiding mechanical rules.'" *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 560 U.S. at 650).

Liberally construing Petitioner's filings, he argues that equitable tolling applies for the following reasons: (1) he is a "blind laymen" (Doc. 24 at 3); (2) counsel during Petitioner's Rule 32 of-right proceeding was ineffective for failing to find the issues Petitioner would have presented to the state court, and the trial court failed to appoint counsel during the second post-conviction proceeding, therefore, his untimely filing is excused by *Martinez v. Ryan*, __ U.S.__, 132 S. Ct 1309 (2012), "*Detrich*, *Dickens*, and *Thaler*"  (Doc. 1 at 11; Doc. 24 at 3); and (3) the trial court erred by dismissing Petitioner's Rule 32 of-right proceeding without considering his timely, Rule-32.5 certified petition for post-conviction relief.  (Doc. 1 at 11.)  As discussed below and in Respondents' answer (Doc. 21 at 15-17), these reasons do not justify equitably tolling the AEDPA limitations period.

### 1.    Lack of Legal Knowledge and Visual Impairment

In his Reply, Petitioner argues that equitable tolling should apply because he is a "blind laymen."  (Doc. 24 at 4.)  Although Petitioner uses the word blind, there is no indication in the record that Petitioner is visually impaired.  Thus, it appears that Petitioner is asserting a lack of legal knowledge to justify equitably tolling the limitations period.  However, in an abundance of caution, the Court also considers whether an alleged visual impairment justifies tolling the limitations period.

1    Petitioner's lack of familiarity with the law and lack of legal assistance do not

2 constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is

3 well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner,

4 generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th

5 Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir.1999)).  Petitioner's

6 ignorance of the law and indigent status do not distinguish him from the great majority of

7 inmates pursuing habeas corpus relief.  Such circumstances are not extraordinary and do

8 not justify tolling the limitations period.  "If limited resources, lack of legal knowledge,

9 and the difficulties of prison life were an excuse for not complying with the limitation

10 period, the AEDPA's limitation period would be meaningless since virtually all

11 incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*,

12 2008 WL 928252, at *4 (E.D. Cal. Apr. 4, 2008).  *See also Rasberry v. Garcia*, 448 F.3d

13 1150, 1154 (9th Cir.2006) (affirming denial of equitable tolling because neither the

14 district court's failure to advise the petitioner of the right to amend his petition to include

15 unexhausted claims nor petitioner's inability to correctly calculate the limitations period

16 were extraordinary circumstances warranting equitable tolling).

17    Additionally, in a document that Petitioner signed on July 22, 2012, nearly a year

18 before the AEDPA statute of limitations expired, he acknowledged that he could

19 challenge his convictions in a "federal habeas corpus" action.  (Doc. 21-2 at 28, 31.)

20 Petitioner also filed numerous documents in state court and does not explain why he was

21 unable to file a timely petition in this Court.  *See Gaston v. Palmer*, 417 F.3d 1030, 1034-

22 35 (9th Cir. 2006) (stating that a petitioner's ability to file documents in state court shows

23 the petitioner could have filed a federal habeas petition).  Accordingly, Petitioner's lack

24 of legal knowledge does not warrant equitable tolling.

25    In addition, assuming that Petitioner's statement that he is a "blind laymen," refers

26 to some sort of visual impairment, that impairment does not justify equitably tolling the

27 limitations period.  (Doc. 24 at 4.)  The record reflects that Petitioner filed numerous

28 documents in the state court.  Petitioner does not explain why he was able to file

numerous documents in state court, but was unable to timely file a petition for writ of habeas corpus in this Court.  Thus, any visual impairment itself is not an extraordinary circumstance warranting equitable tolling.  *See Fischer v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (equitable tolling not justified during petitioner's seventeen day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the court); *Dunlap v. Scutt*, 2009 WL 3059145, at *2 (E.D. Mich. Sept. 24, 2009) (concluding that a petitioner's conclusory and unsubstantiated assertions regarding vision impairment were insufficient to invoke equitable tolling where petitioner failed to demonstrate that he was rendered wholly unable to pursue his legal rights during relevant time period due to legal blindness); *Santiago v. Miller*, 180 F. Supp. 2d 471, 474 (S.D.N.Y. 2001) (legal blindness was not a sufficient reason to equitably toll limitations period because that condition did truly prevent the petitioner from pursuing his legal rights).

### 2.    The *Martinez, Detrich*, *Dickens*, and *Thaler* Decisions

Liberally construing Petitioner's Petition and Reply, he argues that the Supreme Court's decision in *Martinez v. Ryan*, __ U.S.__, 132 S. Ct 1309 (2012), tolls the AEDPA limitations period because counsel during his Rule 32 of-right proceeding did not identify the issues that Petitioner would have raised in that proceeding and because the trial court did not appoint counsel in his second post-conviction proceeding.  (Doc. 1 at 11; Doc. 24 at 4.)   *In Martinez*, the Supreme Court held that, under limited circumstances, the ineffective assistance of post-conviction counsel could constitute cause to excuse the procedural default of a claim of ineffective assistance of counsel.  *Martinez*, 132 S. Ct. at 1315; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in *Martinez* to claims of ineffective assistance of appellate counsel).

The *Martinez* decision, however, does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period.  *See Worrell v. Ryan,* WL 1951657, at *1 (D. Ariz. Apr. 28, 2015) ("[T]he *Martinez* decision has no application to

the issue of the timeliness of the petitioner's habeas petition."); *Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. Aug. 5, 2014) ("Although the rule in *Martinez* is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations); *Moreno v. Ryan*, 2014 WL 24151, at *1 (D. Ariz. Jan. 2, 2014) (rejecting the petitioner's claim that *Martinez* delayed the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C) and finding that "*Martinez* has no applicability to this action as it does not concern the timeliness of a habeas petition."). Accordingly, the *Martinez* decision does not justify tolling the limitations period.

Petitioner also argues that the Court should excuse his untimely filing and consider the merits of his claims under "*Detrich*, *Dickens*, and *Thaler*." (Doc. 1 at 11.) Petitioner does not provide specific citations for these cases. However, because Petitioner refers to these cases immediately after he mentions *Martinez*, he appears to be referring to *Trevino v. Thaler*, __ U.S.__, 133 S. Ct. 1911 (2013), *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014); and *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013). These cases discuss the Supreme Court's decision in *Martinez* in relation to habeas corpus petitioners whose claims were procedurally defaulted. *See Trevino*, 133 S. Ct. at 1912-14; *Dickens*, 740 F.3d at 1332-1338; *Detrich*, 740 F.3d at 1242-1246. These cases do not discuss whether the *Martinez* decision applies to the AEDPA statute of limitations. Therefore, these cases do not provide a basis for tolling the AEDPA statute of limitations.

Additionally, assuming counsel during the Rule 32 of-right proceeding failed to recognize issues to present in that proceeding, and that the trial court failed to appoint counsel during the second post-conviction proceeding, Petitioner does not explain how those failures prevented him from filing a timely habeas corpus petition in this court. *See Glen v. Ontiveros,* 2008 WL 2367256, at *8 (D. Ariz. Jun. 6, 2008) (equitable tolling

1    does not apply when counsel's alleged ineffectiveness does not cause the petitioner to fail

2    to meet the statute of limitations).   Accordingly, Petitioner's allegations regarding Rule

3    32 of-right and post-conviction counsel do not justify tolling the limitations period

### 3.      Trial Court's Failure to Consider Petition

5         Petitioner also appears to argue that equitable tolling should apply because the trial

6    court during his Rule 32 of-right proceeding did not consider his timely, Rule-32.5

7    certified petition. (Doc. 1 at 11.)  Petitioner, however, does not specify the period during

8    which the limitations period should be tolled for this reason.  As discussed below, this

9    reason does not justify equitably tolling the limitations period.

10        The record reflects that while Petitioner's Rule 32 of-right proceeding was

11   pending, he filed a petition in the trial court on April 9, 2012 in which he argued that

12   (1) his confession and guilty plea were involuntary, (2) trial counsel was ineffective, and

13   (3) the trial court lacked jurisdiction over him.  (Doc. 21, Ex. X.)  On May 9, 2012, the

14   trial court issued a minute entry noting that Petitioner had filed numerous documents with

15   the court.  (Doc. 21, Ex. Z.)  The court noted that Petitioner had filed a motion to vacate

16   judgment, which the court construed as a petition for post-conviction relief.   (*Id.*)

17   However, the court also noted that the filing did not include the required Rule 32.5

18   certification, and it had previously ordered Petitioner to comply with Rule 32.5 by April

19   27, 2012, warning Petitioner that failure to do so would result in dismissal of the Rule 32

20   proceeding.  (*Id.*)  The court then dismissed the Rule 32 proceeding because Petitioner

21   had not "compl[ied] with the law or with the [c]ourt's directives." (*Id.* at 2.)  However,

22   the May 9, 2012 minute entry did not specifically refer to Petitioner's April 9, 2012 filing

23   or indicate whether that filing complied with Rule 32.5. (*Id.*)  Thus, as Petitioner argues,

24   it appears that the trial court did not consider the April 9, 2012 filing.

25        Petitioner, however, did not seek review of the trial court's decision in the Arizona

26   Court of Appeals. (Doc. 21, Ex. AA at 1; Ex. EEE at 5.)  Rather, he filed numerous post-

27   conviction actions in the state court.  Petitioner does not explain why he was able to file

28   numerous actions in the state court, but was unable to file a timely federal petition for

1    writ of habeas corpus.  *See Gaston*, 417 F.3d at 1034-35.  Accordingly, the state court's

2    alleged error during his Rule 32 of-right proceeding does not justify equitably tolling the

3    limitations period.  Therefore, Petitioner has not established a basis for equitably tolling

4    the AEDPA limitations period.

5          **D.**        **Exception to the Statute of Limitations**

6          In his Petition, Petitioner argues that his untimely filing should be excused by

7    "[t]he fact that the claim is substantial, meritorious, and exonerating . . . ."  (Doc. 1 at 11.)

8    Thus, he appears to assert that failure to consider his claims will result in a fundamental

9    miscarriage of justice.  Petitioner, however, has not established that he has a credible

10   claim of actual innocence that constitutes an equitable exception to the one-year statute of

11   limitations.  In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, (2013), the

12   Supreme Court recognized an exception to the AEDPA statute of limitations for a claim

13   of actual innocence.  The Court adopted the actual innocence gateway previously

14   recognized in *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), for excusing the bar to

15   federal habeas corpus review of procedurally defaulted claims.  *McQuiggin*, 133 S. Ct. at

16   1928 (citing *Schlup*, 513 U.S. at 937-38.)

17         The rule announced in *McQuiggin* does not provide for an extension of the time

18   statutorily prescribed, but instead is an equitable exception to § 2244(d)(1).  *McQuiggin*,

19   133 S. Ct. at 1931.  Actual innocence, if proven, merely allows a federal court to address

20   the merits of a petitioner's otherwise time-barred constitutional claims; the Supreme

21   Court has not yet addressed whether "a freestanding claim of actual innocence" provides

22   a separate basis for granting habeas relief.  *Id.*

23         To pass through the *Schlup* gateway, a "petitioner must show that it is more likely

24   than not that no reasonable juror would have convicted him in the light of the new

25   evidence."  *Schlup*, 513 U.S. at 316.  *Schlup* requires a petitioner 'to support his

26   allegations of constitutional error with new reliable evidence — whether it be exculpatory

27   scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that

28   was not presented at trial.'"  *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (quoting

*Schlup*, 513 U.S. at 324).  Petitioner has not presented new evidence and has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. (Docs. 1, 24.)  Thus, he has not met *Schlup's* high standard and this exception does not excuse his untimely filing.

## III.     Petitioner's Other Motions for Relief

Petitioner has also filed separate motions for relief from judgment, to unseal the record, and for reconsideration of the Court's order denying his request for the appointment of counsel.  (Docs. 17, 18, 26.)  Petitioner also requests an evidentiary hearing.  (Doc. 26 at 2.)  These motions should be denied for the reasons set forth below.

In his motions for relief from judgment, Petitioner relies on Rule 60 of the Federal Rules of Civil Procedure to support a request for relief from the trial court's May 9, 2012 dismissal of his Rule 32 of-right proceeding.  (Docs. 17, 26.)  Rule 60 does not authorize this Court to grant relief from a state court's judgment or order.  Petitioner also asks the Court to "find meritorious" the motion to suppress evidence that Petitioner filed in the state trial court.  (Doc. 26 at 1 (citing Doc. 21, Ex. CCC.)  This Court lacks the authority to rule on a motion that was filed in Petitioner's criminal case.  Accordingly, the Court will not determine whether the motion to suppress has merit.  Based on the foregoing, the motions for relief from judgment should be denied.

Petitioner has also filed a motion to unseal the Rule 11 expert evaluations that were obtained in CR2009-176158-002 between August 2010 and October 2010 to determine Petitioner's state of mind and relationship with counsel at the time of his guilty plea.  (Doc. 18.)  Even if this Court had the authority to grant this relief, the motion should be denied because the expert evaluations are not necessary for the Court to resolve the Petition on the basis of the statute of limitations.  Accordingly, the motion to unseal the record should be denied.

Petitioner also requests that the Court reconsider its September 15, 2015 Order (Doc. 22) denying his request for the appointment of counsel.  (Doc. 26 at 2.)  The Court denies Petitioner's motion because it is untimely and Petitioner has not shown good cause

for his untimely filing.  *See* LRCiv 7.2(g)(2) (stating that unless good cause is shown, "any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion.").  Additionally, the Court denies the motion because Petitioner has not shown "manifest error" or presented "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" that would change the Court's ruling.  *See* LRCiv 7.2(g)(1).

Finally, Petitioner requests an evidentiary hearing.  (Doc. 26.)  Petitioner merely requests a hearing and has not shown that he is entitled to a hearing under 28 U.S.C. § 2254(e)(2).  Accordingly, his request for an evidentiary hearing is denied.

**IV.    Conclusion**

Petitioner did not file the pending habeas petition until May 26, 2015, nearly two years after the statute of limitations had expired on June 13, 2013.  Therefore, the Petition is untimely.  As set forth above, Petitioner is not entitled to statutory or equitable tolling, and has not established that an exception to the limitations period should apply. Accordingly, the Petition should be denied as untimely.  Therefore the Court does not consider Respondents' alternative grounds for denying habeas corpus relief.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 26) is **DENIED**.

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1), and Petitioner's request for an evidentiary hearing, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's motions for relief from judgment (Docs. 17, 26), and motion to unseal Rule 11 expert evaluations (Doc. 18) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the

procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 20th day of October, 2015.


_____
Bridget S. Bade
United States Magistrate Judge