IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kye James Henry Harding,

     Petitioner,

vs.

Charles L. Ryan, et al.,

     Respondents.

No.  CV-15-00994-PHX-SPL

**ORDER**

Before the Court is Petitioner Kye James Henry Harding's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable Bridget S. Bade, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 28), recommending that the petition be denied with prejudice. Petitioner has objected to the R&R (Docs. 30, 31). For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

I.  **Background**[1]

On November 18, 2010, Petitioner pleaded guilty to two counts of armed robbery in the Maricopa County Superior Court, Case No. CR-2009-176158-002. (Doc. 21-1, Exhs. E- F.) On February 4, 2011, he was sentenced to consecutive terms of 10.5 years of imprisonment on each count. (Doc. 21-1, Exh. H.) Petitioner filed a timely "of-right" notice for post-conviction relief on February 9, 2011 pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 21-1, Exh. J.) The proceeding was ultimately

---

[1]  No object to the factual background, and therefore the Court adopts it summarily.

1
2
3
4

dismissed on May 9, 2012. (Doc. 21-1, Exh. Z.)  Petitioner did not seek review of the dismissal by the Arizona Court of Appeals, but instead initiated a sequence of post-conviction proceedings. Each was dismissed as untimely under Arizona law. (Docs. 21-2 and 21-3.)

5
6
7
8

On May 26, 2015, Petitioner filed his federal habeas petition (Doc. 1) raising four grounds for relief. Respondents filed an answer (Doc. 21), arguing that the petition should be dismissed as untimely, and alternatively, that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

9

**II.    Standard of Review**

10
11
12
13
14
15
16
17
18
19
20
21
22

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a petitioner is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

23

**III.   Discussion**

24
25

Having reviewed the objected to recommendations *de novo*, the Court agrees and accepts the Magistrate Judge's finding that Petitioner's claims are time-barred.[2]

26
27
28

---

[2]    The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a), 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to federal habeas petitions filed after its effective date, April 24, 1996, imposes a 1-year statute of limitations in which "a

### A.   Commencement of Limitations Period

The R&R finds that Petitioner's conviction became final upon the expiration of the time for seeking review by the Arizona Court of Appeals of the denial of his Rule 32 of-right petition for post-conviction relief on June 13, 2012. *See* Ariz. R. Crim. P. 32.4(a), 32.9(c); *Summers v. Schriro*, 481 F.3d 710, 714-15 (9th Cir. 2007) ("Rule 32 of-right proceedings is a form of direct review" and thus "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceedings and review of that proceeding, or until the expiration of the time for seeing such proceeding or review"); *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012). The one-year limitations period therefore commenced the next day, June 14, 2012, and absent any tolling, it expired on June 13, 2013.

Petitioner objects on the basis that the limitations period has not yet begun.[3] (Doc. 30 at 2-3.) He contends that the state court erred in dismissing his of-right proceeding because it failed to consider his certified April 9, 2012 petition (Doc. 21-1, Exh. X), and therefore, his of-right proceeding should be treated as though it is still pending. As a result, the period of direct review has not yet concluded, and his habeas petition is timely.

This objection is without merit. Whether the state court correctly dismissed the proceeding does not bear on whether and when it was, in fact, dismissed for purposes of the limitations period. Petitioner does not dispute that the state court expressly dismissed the of-right proceeding on May 9, 2012, or that he did not appeal that ruling. Even if Petitioner's allegation that the state court mistakenly failed to consider his April 2012 petition and erred when it dismissed his of-right proceeding is taken as true, this Court may not correct that error on habeas review. *See Ortiz v. Stewart*, 149 F.3d 923, 939, 941

---

person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

[3]   Although the R&R made no finding as to exhaustion, in his objections, Petitioner interchangeably disputes whether his habeas petition is time-barred with whether he procedurally exhausted his federal habeas claims in state court. Petitioner's contention that he exhausted his state court remedies does not establish that his petition is timely, and those objections are rejected.

(9th Cir. 1998) ("federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.").

**B.      Statutory Tolling of Limitations Period**[4]

Petitioner next objects that the R&R erred in finding that he is not entitled to statutory tolling of the limitations. He contends that the period should have been tolled beginning the date on which he "properly filed" his of-right petition - April 9, 2012. (Doc. 30 at 4.) This objection is also without merit.

As previously addressed, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)," *Summers*, 481 F.3d at 716-17, as opposed to post-conviction review under § 2244(d)(2). Nevertheless, were the Court to treat the petition as an application under § 2244(d)(2), Petitioner would not be saved by statutory tolling. Because Petitioner did not seek review by the appellate court, no application for post-conviction review was *pending* following the state court's denial on May 9, 2012, and the limitations period would have begun the following day. *See  Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's adverse determination and the filing of a *timely* appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015); *Stewart v. Cate,* 757 F.3d 929, 935 (9th Cir. 2014).

Petitioner's subsequent applications, including the July 22, 2012 amended petition,[5] were found to be untimely. Therefore, those applications were not "properly filed" and also did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2).

---

[4]      Pursuant to the AEDPA, the one-year limitations period is statutorily tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

[5]      Petitioner signed an "Amended Petition for Reversal and New Trial" on July 22, 2012, which was filed with the Superior Court on September 13, 2012. (Doc. 21-2 at 22-, Exh. EE.) Therein, Petitioner asked that 5 of the "7 avenues for post-conviction relief: appeal, federal habeas corpus, Arizona habeas corpus, writ of coram nobis, motion for new trial, motion to modify or vacate judgment, and delayed appeal" be consolidated "into a single comprehensive remedy." (Doc. 21-2 at 31, Exh. EE.) The filing was construed as a third Rule 32 post-conviction relief petition and denied as untimely. (Doc. 21-2, Exh. FF.)

*See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). To the extent Petitioner initiated post-conviction actions after June 13, 2013, those actions also could not toll or restart the limitations period which had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed.").

### C.   Equitable Tolling of Limitations Period[6]

Petitioner next objects that the R&R also wrongly found that he is not entitled to equitable tolling of the limitations period.

First, he argues that he is entitled to equitable tolling because the state court erred in dismissing the of-right post-conviction proceeding. He does not explain however, how that error prevented him from filing a federal habeas petition during the limitations period. Instead, Petitioner's fervent litigation in state court suggests the contrary. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2006) (stating that a petitioner's ability to file documents in state court shows the petitioner could have filed a federal habeas petition).

To the extent that Petitioner was pursuing the path he believed was necessary to exhaust his claims in state court, he does not explain how that pursuit precluded him "from preparing and filing a habeas petition at any time." *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005). Rather, if diligent, "he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009). *See also Pace,* 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid this predicament… by filing a 'protective' petition in federal court and asking the federal court to stay and abey the

---

[6]      The one-year limitations period may be equitably tolled only if "he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

federal habeas proceedings until state remedies are exhausted") (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).  Any alleged ignorance of the statute of limitations or "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). *See also Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009) (citing *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000)).

Second, Petitioner argues for the first time in his objection that his mental impairments constitute an extraordinary circumstance beyond his control that caused the untimeliness of federal habeas petition. Petitioner asserts that he suffers from mental health issues that have gone untreated with medication since May 2011. (Doc. 31 at 2.) This argument is also unavailing; the record shows that during the limitations period, Petitioner had the ability to understand the need to timely file, to prepare a federal habeas petition, and to effectuate its filing. *See Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing."); *Bills v. Clark*, 628 F.3d 1092, 1099-00 (9th Cir. 2010) (setting forth two-part test); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

Between June 2012 and June 2013, Petitioner instituted six post-conviction relief proceedings in state court. (Docs. 21-2 and 21-3, Exhs. BB-EEE.) In his filings, Petitioner raised claims challenging, among other things, that his guilty plea was involuntary, that the trial court deprived him of his choice of counsel, that there was an irreconcilable conflict with counsel that violated his constitutional rights, that he was denied legal representation in his prior post-conviction proceedings, and that there was a significant change in the law that would probably affect the outcome of his case. He also asserted that the trial court had erred in disregarding his April 2012 petition, which he claimed was timely and met the Rule 32 certification requirement. (Doc. 21-2 at 22-23.)

Petitioner's extensive filings reflect that his mental condition did not preclude him from litigating and filing a federal habeas petition during the limitations period. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("Because [petitioner] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the time in between those dates"), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006); *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Of course, a petitioner's statement [of mental illness], even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced."). Therefore, Petitioner is not entitled to equitable tolling and his petition is time-barred.

### D.    Certificate of Appealability

Petitioner objects to the R&R on the basis that he is entitled to a certificate of appealability. This objection is also without merit. Here, a plain procedural bar is present – his petition is barred by the statute of limitations. Petitioner did not file his federal habeas petition until May 26, 2015, almost two years after the statute of limitations had expired. He is not entitled to statutory tolling, equitable tolling, or an exception.[7] The Court finds no basis to conclude that jurists of reason would find this procedural ruling debatable or that Petitioner should be allowed to proceed further. *See Murray v. Schriro,* 745 F.3d 984, 1002 (9th Cir. 2014); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### E.    Additional Objections

Prior to the issuance of the R&R, Petitioner filed separate motions for relief from judgment (Doc. 17), to unseal the Rule 11 expert evaluations (Doc. 18), for reconsideration of the Magistrate Judge's order denying his request for the appointment

---

[7]    While Petitioner challenges the fairness of the system, he does not assert an actual-innocence gateway claim for purposes of an exception to AEDPA's limitations period. *See McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (also referred to as a "fundamental miscarriage of justice exception") (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

of counsel (Doc. 26), and for an evidentiary hearing (Doc. 26 at 2). In the R&R, the Magistrate Judge denied the motion for reconsideration and evidentiary hearing, and recommended that this Court deny the remaining motions. (Doc. 28 at 20.)

While Petitioner has objected to this portion of the R&R (Doc. 30 at 1), he does so only summarily and does not offer any specific objection as required by Rule 72 of the Federal Rules of Civil Procedure. These objections are therefore overruled.

**IV.     Evidentiary Hearing and Discovery**

Petitioner's demands for an evidentiary hearing and further factual development (Docs. 31 at 3; 37) will be denied. Petitioner has not advanced an "allegation that would, if true, entitle him to equitable tolling." *Laws*, 351 F.3d at 921; *Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014) (evidentiary development is not required where, even if the evidence is fully credited, it would not entitle him to relief). As to his claim allegations of mental impairment, for the reasons addressed above, the record is sufficiently developed such that it is clear that Petitioner's mental impairment was not so severe as to cause the untimely filing of his habeas petition. *See Roberts*, 627 F.3d at 773 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence."). Further evidentiary development is not warranted.

**V.      Motion to Appoint Counsel**

Lastly, Petitioner has moved this Court to appoint counsel (Doc. 36).[8] The Court may appoint counsel in § 2254 proceedings when "the interests of justice so require" and the petitioner is "financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2254(h) (stating that a "court may appoint counsel

---

[8]     Petitioner additionally filed a motion for emergency evidentiary hearing and discovery request (Doc. 32), motion for judgment (Doc. 33), motion to add parties (Doc. 34), and motion for leave (Doc. 35). In a subsequent filing, Petitioner requests to "strike all motions filed by me with the exception of the objections." (Doc. 36 at 2.) Pursuant to this request, the Court will deem these motions as withdrawn.

for an applicant who is or becomes financially unable to afford counsel.") *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (in deciding whether to appoint counsel, the court evaluates: (1) the likelihood of success on the merits and (2) the ability of the petitioner to articulate his claims in light of their complexity). Here, the Court finds the interests of justice do not require the appointment of counsel because Petitioner has "thoroughly presented his issues in the habeas petition." *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Therefore, the motion will be denied.

**VI.   Conclusion**

Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. For the reasons addressed above, the Court finds that the petition is barred by the statute of limitations, and no further proceedings are warranted to reach this determination. Accordingly,

**IT IS ORDERED:**

1.     That Petitioner's motion to appoint counsel and strike (Doc. 36) is **denied in part** and **granted in part**. The motion is **denied** with respect to the request for appointment of counsel, and **granted** with respect to his request to strike his previously filed motions;

2.     That Petitioner's motions for an evidentiary hearing, for discovery, for judgment, to add parties, and for leave (Docs. 32, 33, 34, 35) are therefore deemed as **withdrawn**;

3.     That Plaintiff's Motion for Scheduling Hearing (Doc. 37) is **denied**;

4.     That Magistrate Judge Bade's Report and Recommendation (Doc. 28) is **accepted** and **adopted** by the Court;

5.     That Petitioner's motions for relief from judgment (Doc. 17) and to unseal the record (Doc. 18) are **denied**;

6.     That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

7.     That a certificate of appealability and leave to proceed *in forma pauperis* on

appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

8.     That the Clerk of Court shall **terminate** this action.

Dated this 19th day of September, 2016.

_____
Honorable Steven P. Logan
United States District Judge